DOUGLAS B. GRANT v. EMMCO INSURANCE COMPANY

No. 7711SC231

(Filed 7 February 1978)

Insurance § 72— collision insurance—replacement vehicle—insufficiency of complaint

Plaintiff's complaint was insufficient to show that a leased International tractor was a "replacement" vehicle within the purview of a collision insurance policy covering a Ford tractor owned by plaintiff and newly acquired vehicles "replacing" the covered vehicle where it alleged that while plaintiff was operating his Ford tractor it malfunctioned, and that as a result of the malfunction plaintiff leased the International tractor, but there was no allegation that the malfunction was sufficient to keep the Ford off the highway or to render it incapable of suffering damage from collision.

Judge WEBB dissents.

APPEAL by plaintiff from *Gavin, Judge.* Judgment entered 24 January 1977 in Superior Court, HARNETT County. Heard in the Court of Appeals 19 January 1978.

In his complaint plaintiff alleges that on 2 April 1975 he entered into an insurance contract with defendant through its agent, Ed Cox of Plaza Insurance Agency; that the contract (policy) covered collision damages to a 1973 Ford tractor owned by plaintiff and any substitute vehicle; that a malfunction oc-

curred in the Ford tractor on 9 June 1975 after which plaintiff leased a 1974 International tractor from Wilson Truck Rentals, Inc. (Wilson), to provide him with a substitute vehicle; that plaintiff advised Wilson that the International tractor was covered by plaintiff's collision policy with defendant; that on 16 June 1975 a collision occurred causing damages in the amount of $10,478.97 to the International tractor; that plaintiff is obligated to Wilson for that amount; and that plaintiff has demanded that amount from defendant who refuses to pay.

In its answer defendant admitted issuance of the policy but asserted as a further defense that the International tractor was not covered by the policy; defendant further asserted that the complaint fails to set forth a cause of action against defendant for which relief can be granted.

Several months later defendant renewed its motion to dismiss the complaint for failure to state a claim. Following a hearing the motion was allowed and the action was dismissed.

Plaintiff appealed.

*Morgan, Bryan, Jones, Johnson, Hunter & Greene, by K. Edward Greene, for plaintiff appellant.*

*McLean, Stacy, Henry & McLean, by Everett L. Henry, for defendant appellee.*

BRITT, Judge.

Plaintiff assigns as error the allowance of defendant's motion to dismiss his action. We find no merit in the assignment.

Plaintiff argues first that the allegation in his complaint that there was an agreement between him and an agent of defendant that the insurance would cover a substitute vehicle is sufficient to survive a motion to dismiss. Assuming this argument would be valid in any case, we do not think it is valid under the allegations of the complaint in this case.

Paragraphs 3 and 4 of the complaint are as follows:

3. That on or about April 2, 1975, the plaintiff entered into a contract with the defendant, through its authorized agent, Ed Cox of Plaza Insurance Agency, Rockingham, North Carolina, wherein and whereby it was agreed between

the parties that a policy of insurance would be issued protecting the plaintiff from collision damage caused to a 1973 Ford Tractor owned by the plaintiff and any substitute vehicle.

4. That the policy number of the policy hereinabove referred to was 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, a copy of the contract being attached hereto and marked "Exhibit A".

In view of said paragraphs, plaintiff's claim is limited to the provisions of the policy referred to in Paragraph 4. Said policy defines "covered automobile" as:

"a land motor vehicle, trailer or semitrailer including its equipment and other equipment permanently attached thereto (but not including robes, wearing apparel or personal effects), which is either

(a) designated in the declarations, by description, as a covered automobile to which this insurance applies and is owned by the named insured; or

(b) if not so designated, such vehicle is newly acquired by the named insured during the policy period provided, however, that:

(i) it replaces a described covered automobile, or as of the date of its delivery this insurance applies to all covered automobiles, and

(ii) the named insured notifies the company within 30 days following such delivery date."

It is clear from the complaint that plaintiff's 1973 Ford tractor was the vehicle specifically covered under the policy since it was designated by description in the declarations of the policy. For the International tractor to be covered, it would have to comply with policy provisions (b)(i) quoted above and be a vehicle "newly acquired" by plaintiff and a vehicle *replacing* the Ford tractor.

Plaintiff alleges that he *leased* the International tractor. We do not reach the question whether a *leased* vehicle is a *newly acquired* vehicle within the meaning of the policy for the reason that we do not think that the complaint sufficiently alleges that the International *replaced* the Ford.

In Paragraph 5, plaintiff alleges that while he was operating his Ford tractor a malfunction occurred in said Ford, and as a result of the malfunction he leased the International tractor. There is no allegation that the malfunction was sufficient to keep the Ford off the highway or to render it incapable of suffering damage from collision. Clearly, the intent of the policy is that only one vehicle would be insured at any given time.

In his brief plaintiff alludes to "his understanding" with Ed Cox, defendant's alleged agent, but there is no *allegation* of any representation by defendant or its agent except as set forth in the policy.

Plaintiff argues next that the language in the policy relating to a substitute vehicle is ambiguous, therefore, judgment on the pleadings was not warranted. We find this argument unpersuasive. Plaintiff's argument on this point is directed primarily at the newly acquired provision of the policy. As stated above, we do not reach the point of interpreting "newly acquired" as we do not think the complaint sufficiently alleges that the International *replaced* the Ford.

We hold that the court did not err in allowing defendant's Rule 12(b) motion to dismiss the action on the pleadings.

Affirmed.

Judge HEDRICK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority opinion. I believe that the terms of the insurance policy are sufficiently ambiguous so that the action should not have been dismissed under Rule 12(b).

As I read the policy, the International tractor leased by the plaintiff might have been a "newly acquired" vehicle which "replaced" the Ford tractor which had been damaged. For this reason, I vote to reverse the judgment of the superior court.